UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANNA MARIE WILHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-32-HBG |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 19]. Now before the Court is the Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 14 & 15] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 16 & 17]. Anna Marie Wilhite ("Wilhite") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner").

Wilhite filed for Title XVI SSI on January 3, 2012 (Tr. 124-29). The application was denied (Tr. 79-82) and denied again on reconsideration (Tr. 89-90). Following a hearing, the Administrative Law Judge ("ALJ") entered an unfavorable decision on July 8, 2014 (Tr. 21-31). The decision became final when the Appeal Council denied review on November 19, 2015 (Tr. 1-3).

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

## I. BACKGROUND

Wilhite was 36 years of age when the ALJ issued the Decision in this case (Tr. 136). She has a GED and past work experience as a cashier, bus detailer, and child care worker (Tr. 44).

The Plaintiff testified that her disability is based on mental and physical problems: hands and feet issues, difficulty moving some days, staying in bed all day, wanting to stay secluded by herself (Tr. 46). She testified that she did not know what was wrong with her hands and feet (Tr. 47). She also complained of back pain (Tr. 53). As for mental issues, the Plaintiff testified that "I'm just, I'm not social. Like, I don't, you know, talk to people. I don't like being around a lot of people. I just get really nervous" (Tr. 47). Wilhite, however, does care for her disabled son, age 18 at the date of the ALJ's hearing, and her daughter, age 14 at the date of the ALJ's hearing (Tr.12, 47-48).

The Court has considered the medical evidence in the record, the testimony at the hearings, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

## II. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Cutlip v. Sec'y of Health & Human Servs.</u>, 25 F.3d 284, 286 (6th Cir. 1994) (citing <u>Kirk v. Secretary of Health & Human Servs.</u>, 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. <u>Crisp v. Sec'y of Health & Human Servs.</u>, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." <u>Buxton v. Halter</u>, 246 F.3d 762, 773 (6th Cir. 2001) (quoting <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984) (citing <u>Myers v. Richardson</u>, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. <u>See</u> <u>Wilson v. Comm'r of Soc. Sec.</u>, 378 F.3d 541, 544 (6th Cir. 2004).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." <u>Boyes v. Sec'y. of Health & Human Servs.</u>, 46 F.3d 510, 512 (6th Cir. 1994) (citing <u>Halsey v. Richardson</u>, 441 F.2d 1230 (6th Cir. 1971)).

**III. ANALYSIS**

Wilhite's claim before this Court is that the ALJ erred in finding that Wilhite had the RFC "to perform a full range of work at all exertional levels," but with several non-exertional

3

limitations. Plaintiff argues that the ALJ "ignored" the treating physician's opinion and improperly relied on mental health opinions from non-treating, non-examining sources. The Defendant argues that substantial evidence supports the ALJ's finding that Wilhite could perform jobs in the economy and is not disabled. The Court agrees with the Defendant, and finds that substantial evidence supports the ALJ's Decision.

Although Wilhite alleged limitations from her impairments, the ALJ found that these alleged limitations were inconsistent with other evidence in the record (Tr. 27-30). Moreover, the ALJ cited specific medical facts to support the RFC in this case. The generally benign and unremarkable findings on examination by Wilhite's primary care physicians and nurse practitioners at Prodigal Primary Care; the routine and conservative treatment she received for her pain complaints and psychological complaints (injections and medication); the improvements with treatment; and the failure to follow physicians' treatment recommendations. In addition, the conclusions of the physical consultative examiner, Dr. Misra, and the psychological consultative examiner, Dr. Maffeo, were consistent with the limitations in the RFC, and provide substantial evidence in support thereof.

Plaintiff argues that the ALJ "ignored" Dr. Larson's opinion and relied on non-treating, non-examining physician's mental health opinions without "good reasons." The Court disagrees. The ALJ explicitly discussed Dr. Larson's opinions in the Decision. Specifically, the ALJ stated that he considered Dr. Larson's opinion that Plaintiff was disabled (Tr. 28). However, he declined to afford any weight to the opinion as it was not supported by the record as a whole and was "clearly contradicted" by Dr. Larson's records (Tr. 28). The Sixth Circuit recently affirmed this analysis in a similar case. *See Mueller v. Commissioner of Social Security*, No. 16-6527, 2017 WL 1065550 (6th Cir. March 21, 2017). Moreover, the ALJ properly noted that Dr. Larson's

opinion was not subject to the treating physician rule because it was not a medical opinion as defined by the regulations, but was instead an "opinion on an issue reserved to the Commissioner" (Tr. 28).

The ALJ presented the vocational expert with a hypothetical question that identified an individual of Plaintiff's age, education, and work experience, who had limitations identical to those included in Plaintiff's RFC (Tr. 30-31, 64). The vocational expert testified that such a person could perform unskilled medium work, including the representative occupations of hand packager, packaging machine tender, conveyor feeder or conveyor off-bearer, assembler of metal furniture, dish washer, and dining room attendant/bus person (Tr. 31, 65-67). The vocational expert also testified that there was unskilled light work that such an individual could perform (Tr. 66). Such testimony, in response to a properly formulated hypothetical question posed by the ALJ, constitutes substantial evidence supporting the Commissioner's decision. *See* 20 C.F.R. § 416.966(e). The ALJ properly found at step five that Plaintiff was not "disabled" under the Act because she could perform "other work" existing in significant numbers in the national economy (Tr. 31).

**IV.     CONCLUSION**

Based upon the foregoing, it is hereby **ORDERED** that the Plaintiff's Motion for Summary Judgment [**Doc. 14**] be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 16**] be **GRANTED.** The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

ENTER:

*[signature: Bruce Guyton]*
United States Magistrate Judge